IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GEORGE M. ADAMS, #181283, ) | Civil Action No. 3:09-1557-DCN-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS; AND ) | |
| SGT. KARL VON MUTIUS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff filed this action in the Court of Common Pleas of Richland County on December 20, 2007. He filed an amended complaint on June 3, 2009. Defendants are the SCDC and SCDC employee Sgt. Karl Von Mutius ("Von Mutius"). On June 12, 2009, Defendants removed the action to this court.[1] Plaintiff was an inmate at the Kershaw Correctional Institution ("KCI") or the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") at the time of the alleged incidents. He is currently housed at the Lee Correctional Institution of the SCDC.

On August 11, 2009, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on August 12, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff did not respond to the Roseboro order and the undersigned, on September 19, 2009, issued an order allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

continue to prosecute this action. Plaintiff filed a response in opposition to Defendants's motion for summary judgment and his own motion for summary judgment and declaratory judgment on September 23, 2009. Defendants filed a response in opposition to Plaintiff's motion on October 2, 2009, and Plaintiff filed a reply on October 14, 2009.

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled , to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th

Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

## DISCUSSION

Plaintiff alleges that while escorting him to and from medical on October 19, 2007, Sgt. Karl Von Mutius incorrectly used restraints (handcuffs) on his arms. He also appears to claim that Defendant Mutius used excessive force against him. Plaintiff also alleges that Defendants violated his constitutional rights because he suffered a foot infection (due to conditions in the KCI showers) in 1998 and was required to work despite his injury. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff's claims concerning his foot injury in 1998 are time-barred; (2) Plaintiff fails to state a claim upon which relief can be granted regarding his "freedom to move arms"; (3) Plaintiff fails to state a claim under the South Carolina Tort Claims Act; and (4) Plaintiff has not provided proof of his claims.

Plaintiff's motion for summary judgment and declaratory judgment is untimely and thus it is recommended that it be denied. The deadline for dispositive motions was August 14, 2009. See Doc. 4. Further, Plaintiff argues that there are genuine issues of material fact in dispute, which would preclude granting his motion. See Fed. R. Civ. P. 56.[2]

---

[2]In his motion for summary judgment, Plaintiff claims that Defendant Von Mutius's affidavit should be stricken because it is a sham. Pursuant to Rule 12, a motion to strike must be made within 20 days after the service of the pleading upon the party. Fed. R. Civ. P. 12(f). To the extent that Plaintiff is attempting to have Von Mutius's affidavit stricken, it is recommended that Plaintiff's motion (filed more than 20 days after service of Defendants' motion for summary judgment) be denied as untimely.

### 1. Statute of Limitations

Defendants contend that Plaintiff's allegations concerning a foot injury are barred by the applicable statute of limitations. Plaintiff argues that these claims are not barred by the applicable statute of limitations, but provides no legal basis to support his argument.

State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530. A cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110.

Plaintiff's allegations concerning his foot injury are barred by the applicable statute(s) of limitations. The alleged incidents concerning his foot injury and related claims all occurred more than three years prior to the filing of this action.

### 2. Use of Restraints

Plaintiff appears to allege that his constitutional rights were violated by the use of restraints on his arms during his transportation to and from medical on October 19, 2007. He alleges that Defendants' actions were an "unreasonable restriction of his freedom to move [his] arms." Defendants contend that Plaintiff fails to state a claim as to the use of restraints because the use of handcuffs and the escort hold while transporting an inmate is not cruel and usual punishment and SCDC's policy of transporting inmates with handcuffs and an escort hold is narrowly tailored to effectuate the compelling state interest in prison safety.

Plaintiff has provided no authority to support his claim of "freedom to move arms."[3] He fails to show that his due process rights were violated when he was placed in handcuffs for the short periods of transporting him to and from medical.

### 3. **Excessive Force**

Plaintiff appears to allege that his constitutional rights were violated because Sgt. Mutius used excessive force against him by using handcuffs, throwing him up against a wall, twisting his arm, and using a sharp object to cut his arms.[4] Amended Complaint at 3-4. Defendants contend that Plaintiff was not injured as a result of the alleged incidents and that Sgt. Von Mutius used a minimal amount of force to protect himself and his fellow officers after Plaintiff struck him and pulled away.

Determination of whether cruel and unusual punishment has been inflicted on a prisoner in violation of the Eighth Amendment requires analysis of subjective and objective components. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). First, the objective portion of an excessive force claim requires a prisoner to show that the injury inflicted was sufficiently serious. Although a plaintiff need not show a significant injury, see Hudson v. McMillian, 503 U.S. 1, 7 (1992), the Fourth Circuit, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995), held

---

[3]Plaintiff may be attempting to argue that a standard for civilly committed mental patients applies to him, but he has not disputed that he is a convicted prisoner in SCDC custody.

[4]To the extent that Plaintiff is attempting to assert a claim that Defendants violated SCDC policies as to the way they handcuffed him or utilized certain restraints, it is recommended that these claims be dismissed sua sponte. Allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d at 1263. Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis. See id. at 1262-63. With only de minimis physical injury, a prisoner may only recover if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Id. at 1263 n. 4. The Fourth Circuit has explained:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain. In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

Id. at 1263, n. 4.

Plaintiff claims that he suffered an arm and/or shoulder injury as a result of the incident, but has provided nothing to show that his injuries were anything more than de minimis. Von Mutius states that following the incident, Nurse Debra Austin checked on Plaintiff and noted a small abrasion on his arm, but no serious injury. Von Mutius Aff. An incident report submitted by Plaintiff,[5] indicates only that Plaintiff's arm was noted to be bruised and swollen. Plaintiff appears to argue that he suffered more than de minimis injury as a result of the alleged incident because he now has obtained a medical pass requiring that he be "double-cuffed" because of a history of a shoulder injury. There is nothing, however, to show that his "double-cuff" restriction was caused by the

---

[5]Von Mutius stated that an incident report was attached to his affidavit, but no attachments were filed with his affidavit. See Doc. 15-2.

alleged use of force incident. Further, results of x-rays of Plaintiff's shoulder in January and May 2008 indicate that Plaintiff had no shoulder abnormalities, and an x-ray of Plaintiff's cervical spine in May 2008 merely revealed degenerative changes. See Attachments to Plaintiff's Opp. Mem. (Doc. 19).

Plaintiff fails to establish an Eighth Amendment claim because he alleges no more than de minimis injury. Thus, any use of force by Defendants was de minimis. See, e.g., Norman, 25 F.3d at 1262-64 (keys swung at inmate's face which struck his thumb was de minimis force); Gavin v. Ammons, 21 F.3d 430, 1994 WL 117983 (7th Cir. April 6, 1994)[Table](guard's pulling of inmate's hair was de minimis force); Calabria v. Dubois, 23 F.3d 394, 1994 WL 209938 (1st Cir. May 24, 1994)[Table](radio belt thrown at face of inmate causing blood to appear was de minimis force); White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994)(keys swung at inmate which slashed his ear was de minimis force); Jackson v. Pitcher, 966 F.2d 1452, 1992 WL 133041 (6th Cir. June 16, 1992)[Table](guard's stomp on the hand of inmate was de minimis force), cert. denied, 506 U.S. 1024; Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(corrections officer's pushing a cubicle wall so as to strike plaintiff's legs, brusque order of the inmate out of his cell and poking inmate in the back was de minimis force); see also Roberts v. Samardvich, 909 F. Supp. 594 (N.D.Ind. 1995)(grabbing inmate, pushing him up the stairs toward his cell, and placing him in cell cuffed, shackled, and secured to the door was de minimis force under the circumstances); McMiller v. Wolf, 1995 WL 529620 (W.D.N.Y. August 28, 1995)(snatching inmate's mirror, breaking it against cell bars and thereby lacerating inmate's finger was de minimis force); Crow v. Leach, 1995 WL 456357 (N.D.Cal. July 28, 1995)(corrections officer's pushing inmate into chair causing his shoulder to break window behind him was de minimis force); Jackson v. Hurley, 1993 WL 515688

(N.D.Cal. November 23, 1993)(blow to back of neck with forearm and kick to the ankle of inmate were de minimis force); DeArmas v. Jaycox, 1993 WL 37501 (S.D.N.Y. February 8, 1993), aff'd, 14 F.3d 591 (2d Cir. 1993)(corrections officer's punching inmate in arm and kicking inmate in leg was de minimis force); Olson v. Coleman, 804 F. Supp. 148, 150 (D. Kan. 1992)(single blow to head of handcuffed inmate was de minimis force); Candelaria v. Coughlin, 787 F. Supp. 368, 374-75 (S.D.N.Y. 1992)(fist pushed against neck of inmate causing him to lose his breath was de minimis force), aff'd, 979 F.2d 845 (2d Cir. 1992)[Table]; Neal v. Miller, 778 F. Supp. 378, 384 (W.D.Mich. 1991)(backhand blow with fist to the groin of inmate was de minimis force); Ramos v. Hicks, 1988 WL 80176 (S.D.N.Y. July 25, 1988)("bent wrist comealong hold" or single punch not unreasonable or excessive where inmate ignored repeated order, became agitated, and attempted to damage state property); Anderson v. Sullivan, 702 F. Supp. 424, 426 (S.D.N.Y. 1988)(corrections officer's pulling inmate's arms behind back, lifting them up and forcing inmate's face into cell bars was de minimis force).

Even if Plaintiff can establish that he suffered more than de minimis injury, he fails to establish the subjective component of his excessive force case. Appropriate force may be used by prison officials when it is intended to maintain discipline within a prison institution or to restore order. See Hudson, 503 U.S. at 6; Whitley v. Albers, 475 U.S. 312, 320-21 (1986). When an inmate claims prison officials used excessive force "he is forced to meet a higher standard (than deliberate indifference) to establish the subjective component." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The subjective portion of an excessive force claim requires a prisoner to demonstrate that officials inflicted force sadistically and maliciously for the sole purpose of causing harm. See Whitley, 475 U.S. at 320-21; Williams v. Benjamin, 77 F.3d at 761. The Supreme Court has directed

that several factors should be balanced in determining whether prison officers acted maliciously and sadistically. These factors, originally set out in Whitley, include:

> (1) the need for the application of force,
>
> (2) the relationship between that need and the amount of force used,
>
> (3) the threat "reasonably perceived by the responsible officials," and
>
> (4) "any efforts made to temper the severity of a forceful response."

Hudson, 503 U.S. at 7 (citations omitted); see also Williams v. Benjamin, 77 F.3d at 762. The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. Hudson, 503 U.S. at 7.

Plaintiff fails to establish the subjective component of his excessive force claim. Force was necessary to gain control of Plaintiff. Sgt. Von Mutius states that he escorted Plaintiff back from medical and held him in the escort position. He states that in the escort position, an inmate's wrists are cuffed behind him and the officer stands beside the inmate holding his arm above the elbow. The escort position, according to Von Mutius, is used unless the inmate is not cooperative, in which case the officer will use a lead chain attached to the cuffs. Von Mutius states that when he and Plaintiff arrived at Plaintiff's cell, officers were conducting a random search and Plaintiff became upset, told Von Mutius to get his hands off Plaintiff, Plaintiff pulled away from Von Mutius, and Plaintiff struck Von Mutius with his right elbow. He further provides that to regain control of Plaintiff and ensure his safety, he pushed Plaintiff against a cell door, and then Plaintiff was placed in his cell. Von Mutius states that Plaintiff refused to come to the cell door window to have his cuffs removed and Von Mutius, Officer Selby, and Officer Rogers entered Plaintiff's cell and attached a lead chain to the handcuffs to lead Plaintiff to the door where the cuffs could be removed. Von Mutius Aff. In

9

his amended complaint, Plaintiff admits that he stopped to pick up some papers (which he clams officers threw on the floor) while being escorted back from medical. See Amended Complaint at 3-4. Von Mutius's actions appear to be an appropriate use of force to get Plaintiff back to his cell. As discussed above, there is no indication that Plaintiff suffered anything more than de minimis injury from the incident.

### 4. State Law Claims

Plaintiff also appears to assert claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that any remaining state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).

### CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 15) be **granted** as to Plaintiff's claims under § 1983, and any remaining state law claims be **remanded** to the State court. It is also recommended that Plaintiff's motion for summary judgment (Doc. 20) be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

October 19, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).